## Belle Duncan, Appellee, v. Louis Kammeier et al., Appellants.

### (Not to be reported in full.)

Appeal from the Circuit Court of Marion county; the Hon. WILLIAM B. WRIGHT, Judge, presiding. Heard in this court at the October term, 1916. Reversed and remanded. Opinion filed April 13, 1917.

### Statement of the Case.

Action by Belle Duncan, plaintiff, against Louis Kammeier, J. F. H. Tiemann and August Gansauer, defendants, to recover damages under section 9 of the Dramshop Act (J. & A. ¶ 4609) for injury to plaintiff's means of support. From a judgment for plaintiff, defendants appeal.

W. H. NELMS, F. P. DRENNAN, NOLEMAN & SMITH and JOHN BUNDY, for appellants.

L. B. SKIPPER, CHARLES WHAM and KAGY & VANDERVORT, for appellee.

MR. JUSTICE BOGGS delivered the opinion of the court.

### Abstract of the Decision.

1. INTOXICATING LIQUORS, § 225*—*when evidence sufficient in action by wife for injury to means of support.* Evidence *held* to tend to show that two of the defendants charged with selling intoxicating liquors as a result of which plaintiff's husband was killed, in an action by a wife to recover damages for injury to her means of support, under section 9 of the Dramshop Act (J. & A. ¶ 4609), were guilty, and refusal to direct a verdict as to such defendants was proper.

2. INTOXICATING LIQUORS, § 225*—*when evidence sufficient to show that purchaser did not drink liquor.* Evidence *held* to show plain-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

tiff's husband did not drink any of the liquor procured by him from one of defendants, in an action to recover under section 9 of the Dramshop Act (J. & A. ¶ 4609), and refusal to direct a verdict for such defendant was error.

3. INTOXICATING LIQUORS, § 240*—*when exemplary damages re- coverable for sale of liquors.* To warrant recovery of exemplary damages under section 9 of the Dramshop Act (J. & A. ¶ 4609), the sale of liquors must have been wilfully or wantonly made.

4. INTOXICATING LIQUORS, § 240*—*when sale is wilful and wanton.* A sale of intoxicating liquor to a party known by the seller to be intoxicated or a habitual drunkard, is in its nature wilful and wanton, so as to authorize the recovery of exemplary damages.

5. INTOXICATING LIQUORS, § 238*—*who may recover exemplary damages for sale of liquor.* The right to recover exemplary damages, in an action under section 9 of the Dramshop Act (J. & A. ¶ 4609), is not limited to sales of intoxicating liquors to persons to whom the plaintiff may sustain some relationship as father, husband, wife or child.

6. INTOXICATING LIQUORS, § 250*—*when instruction on exemplary damages is erroneous.* In an action under section 9 of the Dram- shop Act (J. & A. ¶ 4609), by a wife to recover for injury to her means of support, an instruction as to allowance of exemplary dam- ages *held* erroneous in not explaining the meaning of the term or when or how such damages might be allowed.

7. PLEADING, § 248*—*when amendment to declaration properly allowed.* Allowance of an amendment of a declaration, after over- ruling a motion for a new trial, in accord with the evidence and conduct of the trial, *held* not error.

8. INTOXICATING LIQUORS, § 208*—*when evidence that person was known to be drunkard is admissible.* In an action under section 9 of the Dramshop Act (J. & A. ¶ 4609), where the declaration charged wilful sales of intoxicating liquor to a certain person and that such person was a habitual drunkard, evidence that such person was such drunkard and that the fact was known to defendants, *held* properly admitted, in connection with a claim for exemplary damages.

9. INTOXICATING LIQUORS, § 249*—*when modification of instruc- tion is improper.* A modification to an instruction by adding the words "as to such sale" at the end of the instruction as tendered, in an action under section 9 of the Dramshop Act (J. & A. ¶ 4609), *held* improper where the evidence showed but one sale of liquor.

10. INSTRUCTIONS, § 18*—*when properly refused.* An instruction which is involved and misleading is properly refused.

11. INSTRUCTIONS, § 151*—*when properly refused.* An instruction already covered by a given instruction is properly refused.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.